Aguadilla Lighter & Storage Company, Petitioner, *v.* Augusto R. Soltero, Superintendent of Insurance of Puerto Rico, Respondent.

No. 2. Argued December 2, 1931.—Decided March 17, 1932.

*José Sabater* for petitioner. *James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

As this is a new proceeding and as the statute does not prescribe in detail the applicable procedure and the scope thereof, the Court decided to hear the parties in regard to the matter.

A hearing was had and after considering the applicable law—which is Act No. 85, to promote the welfare of the inhabitants of Puerto Rico, etc., approved May 14, 1928— and in view of the decision in *Soltero* v. *District Court*, 41 P.R.R. 511, and of the jurisprudence cited therein, we are of opinion that the following rules should be established:

1. The questions to be considered and determined within the proceeding for review shall be confined to the decisions rendered by the Superintendent of Insurance of Puerto Rico regarding the classifications of risks submitted by the insurers and premiums relating thereto, pursuant to section 27 of Act No. 85 of 1928.

2. Appeals shall be brought by means of a petition filed within thirty days from the date of the decision appealed from. This rule regarding the term shall control such appeals as are brought from decisions rendered on or after May 1, 1932.

3. The petition shall specifically, briefly, and truthfully allege the facts of the case and the grounds relied on by the petitioner for his appeal, and must be filed after a copy thereof shall have been served on the Superintendent, who will be allowed fifteen days from the date of service for filing an answer.

4. The truth of the facts involved shall be considered as established upon the admission by the Superintendent of the facts alleged in the petition, or upon the stipulation of the parties embracing the ultimate facts of the case. Every superfluous or redundant matter shall be excluded. The issue shall be reduced to its most essential and simple terms.

5. If the truth of the facts alleged by the petitioner is not admitted by the Superintendent, or if the parties can not agree to the stipulation referred to in the preceding rule, the original record prepared in the office of the Superintendent bearing on the particular case in question or a certified copy thereof shall be sent up.

6. Should any fact be established by evidence heard before the Superintendent, the finding made by the said official after weighing such evidence shall be accepted by the Court, unless a clear and manifest error is shown to have been committed. No new evidence shall be heard in this Court.

7. Upon the issue being joined, the petitioner shall file his written brief within fifteen days, counted from the filing of an answer by the Superintendent. Thereupon a day shall be set for hearing the parties, and the Superintendent shall be allowed to file a brief five days before the date set for the hearing. Each party shall serve a copy of his brief on the opposite party.

8. After the hearing has been concluded, the case shall finally be taken under advisement by the Court, which may review the findings and conclusions involved and reverse or affirm the ruling of the Superintendent, or make any order or decree that may be appropriate.

The above rules shall, of course, be applied not only to the specific case at bar which has given rise to their establishment, but they shall also serve as a guide for the prosecution of similar future cases.